FILED
2024 Feb-26 AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT GREEN,** )<br>)<br>    **Claimant,** )<br>)<br>vs. )<br>)<br>**MARTIN O'MALLEY,** )<br>**Commissioner, Social Security** )<br>**Administration,** )<br>)<br>    **Defendant.** ) | Civil Action No. 1:23-cv-901-CLS |

## MEMORANDUM OPINION

Claimant, Robert Green, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration that affirmed the decision of the Administrative Law Judge ("ALJ") and, thereby, denied his claim for a period of disability, and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not properly evaluate the credibility of claimant's subjective complaints of pain.

The ALJ found that claimant suffered from the following severe impairments that significantly limited his ability to perform basic work activities: degenerative disc disease in the cervical and lumbar spine; and, hip arthrosis.[1] She also considered the medical evidence of record showing a history of obesity, but found that claimant's ability to perform basic work activities was not significantly limited by that condition.

The ALJ compared the medical evidence of record to the listing of impairments, but concluded that claimant's impairments did not meet or medically equal the criteria of any listed impairment.

After reviewing the medical evidence, claimant's hearing testimony, the testimony of the vocational expert, and other record evidence, the ALJ found that claimant retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb ramps and stairs, balance (as defined in the SCO[2]), stoop, kneel, and crouch; he should never climb ladders, ropes or scaffolds nor should he crawl; he can have only occasional reach

---

[1] Tr. 45.

[2] This term is not explained.

overhead with his bilateral upper extremities; he can have only occasional exposure to extremes of cold as well as full body vibrations; he should have no exposure to hazards such as unprotected heights and hazardous machinery.

Tr. 47. Claimant contends that the ALJ did not properly evaluate the credibility of his subjective symptoms.

To demonstrate that pain or another subjective symptom renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). The ALJ in the present case properly applied those legal principles.

The ALJ thoroughly reviewed and discussed the medical evidence of record, as well as claimant's and his mother's statements about his symptoms and their limiting effects on his daily activities. She also stated that she "generously

considered the claimant's subjective complaints in the residual functional capacity assessment," and explicitly accounted for her accommodation of his symptoms as follows:

> Symptoms of neck, back, arm, hip and leg pain and difficulty with standing, walking, lifting and sitting is accommodated by restriction to the sedentary exertional level with occasional climbing of ramps, stairs, balancing, stooping, kneeling, crouching, no climbing of ladders, ropes, scaffolds and no crawling.  The claimant's symptoms are further accommodated by only occasional reaching overhead with the bilateral upper extremities and only occasional exposure to extremes of cold as well as full body vibration should help prevent exacerbation of his pain. Restriction of no exposure to hazards is reasonable given his complaints of chronic pain and occasional falling.  I find that the residual functional capacity adopted herein would allow the claimant to perform basic work activities on a sustained basis.

Tr. 51.  Based upon the foregoing, the court concludes that, contrary to claimant's contention, the ALJ fully evaluated and credited claimant's subjective complaints.

Accordingly, the court finds that the ALJ's conclusion was supported by substantial evidence, was in accordance with applicable law, and the decision of the Commissioner is affirmed. A final judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 26th day of February, 2024.

_____
Senior United States District Judge